## BALL v. IRVING AIRCHUTE CO., Inc.

### Civ. No. 2586.

District Court, W. D. New York.

Nov. 27, 1945.

Irving L. Fisk, of Buffalo, N. Y., for plaintiff.

Albrecht, Maguire & Mills, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

On February 5, 1929, plaintiff and defendant entered into a contract for the assignment of plaintiff's inventions in the manufacture of parachutes, for which defendant was to pay certain royalties and perform certain affirmative acts. Plaintiff alleges defendant has breached the contract in failing to (1) pay royalties; (2) bear expenses incident to upkeep, maintenance and renewal of patents; (3) prosecute patent infringements; (4) seek foreign issues; and (5) for failing to account. Plaintiff asks damages, an injunction restraining use of plaintiff's patent and that the contract be declared terminated.

Defendant has yet made no responsive pleading but seeks relief by motion to strike out two of the alleged causes of action and for a bill of particulars.

The alleged second cause of action seeks injunctive relief, and it is believed this should stand.

Defendant moves to strike the third cause of action on the ground that it is redundant and immaterial. Nothing material is alleged in the third cause that is not alleged in the first cause, and it is stricken out.

Defendant seeks a bill of particulars as to alleged breaches numbered 2, 3, 4, and 5, seeking dates, amounts, names and places. Defendant's affidavit is to the effect that it desires this in order to plead the statute of limitations if possible. The record of the transactions under the said contract are presumably in the possession of the defendant, and it is not seen that any bill of particulars can be necessary in order for the defendant to plead. Rule 12 (e), Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c, was not intended to be applicable in an instance as here and the present trend of the decisions of the courts is to limit rather than extend the application of this rule.